442 So.2d 905 (1983)
Clifton CLAUSE, Jr., Plaintiff-Appellee,
v.
Eldie F. MANUEL, Defendant-Appellant.
No. 83-420.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearings Denied January 13, 1984.
*906 Preston N. Aucoin, Ville Platte, for defendant-appellant.
Dubuisson & Dubuisson, James G. Dubuisson, Opelousas, for defendant-appellee.
Guillory, McGee & Mayeux, A. Frank McGee, Eunice, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
This is a suit in warranty brought by the purchaser of real property against his vendor. The plaintiff, Clifton Clause, Jr., alleges that the property he purchased from the defendant, Eldie F. Manuel, is encumbered by a federal tax lien resulting from the defendant's failure to pay federal inheritance taxes. By this suit, the plaintiff seeks judgment compelling the defendant to file an Additional Federal Estate Tax Return and to pay such taxes as are necessary to free the property from the tax lien. The defendant filed a third party demand against Aaron Frank McGee, the attorney who, in connection with the sale of the property from the defendant to the plaintiff, examined the title to the property on behalf of the plaintiff. By the third party demand, Mrs. Manuel seeks to recover from McGee any amount she is required to pay in judgment or in additional taxes.
The trial court granted a motion for summary judgment filed on behalf of the plaintiff, ordering the defendant, Mrs. Manuel, to file a United States Additional Estate Tax Return and to pay any taxes necessary to release the property from the lien. A motion for summary judgment, filed on behalf of the third party plaintiff, Mrs. Manuel, against Aaron Frank McGee was denied. Summary judgment was rendered in McGee's favor, rejecting the third party demand. Mrs. Manuel, defendant and third party plaintiff, appeals.
The issues presented by this appeal are: (1) whether the trial court may properly order the defendant in this warranty action to file an Additional Federal Estate Tax Return and pay any additional Federal Estate Taxes assessed by the Federal government; and, (2) whether the defendant, if she is cast in judgment, is entitled to indemnity from McGee based on the title opinion he rendered on behalf of the plaintiff.

*907 FACTS
The property in question was acquired by the defendant in 1978 from the estate of her late husband, Horace Manuel. The plaintiff and Burton Ortego purchased the property from the defendant by an act of sale dated September 13, 1979. In connection with their acquisition, the plaintiff and Ortego retained Aaron Frank McGee, a Eunice attorney, who examined the title and prepared the act of sale. McGee rendered a title opinion to St. Landry Bank & Trust Company, in connection with a mortgage loan to the plaintiff and Ortego to be secured by a mortgage on the property in question. By a letter to St. Landry Bank dated September 21, 1979, McGee stated his opinion that good and merchantable title vested in Clause and Ortego.
In March, 1982, Clause sought to sell a portion of the property to James A. Johnson. By this time, Ortego had sold his undivided interest to Clause, making Clause the sole owner. Johnson was a client of the Eunice law firm of Pucheu and Pucheu. The latter firm advised Johnson that there was a lien on the property resulting from the failure of Mrs. Manuel to pay federal inheritance taxes. The plaintiff thereafter filed this suit.
The only information in the record regarding the existence of a tax lien encumbering the subject property appears in the affidavit of attorney John H. Pucheu, which is attached to the plaintiff's motion for summary judgment. Pucheu holds a Master of Laws Degree from the University of Miami and does considerable work in the field of tax and estate planning. Pucheu stated that in his opinion a lien on the subject land arose as a result of a special use valuation utilized in computing the value of the property in the estate of Horace Manuel. The property in question was included in the estate of Horace Manuel and was bequeathed to the defendant in Horace Manuel's will. According to the Pucheu affidavit, if such specially valued property is sold within fifteen years of inheritance, the estate becomes liable for additional federal estate taxes. Pucheu stated that in his opinion, all property formerly in the estate of Horace Manuel, including the property involved in this suit, is affected by a federal tax lien resulting from the sale of this specially valued property within fifteen years of inheritance.

RELIEF AVAILABLE TO THE PLAINTIFF
The trial court judgment orders the defendant, Mrs. Manuel, to file the appropriate tax returns and to pay all additional taxes due in order to remove the encumbrance from the plaintiff's property. For the reasons which follow, we find that this relief is not available to the plaintiff, and the summary judgment granting such relief is erroneous.
It is the obligation of the seller to warrant the purchaser's peaceable possession against the claims of third persons, both as to the title of the thing sold and as to charges thereon not declared at the time of the sale. LSA-C.C. Art. 2501; O'Reilly v. Poche, 162 So.2d 787 (La.App. 4th Cir. 1964). In the case of a partial eviction, the buyer may have the sale cancelled if the eviction is of such consequence relative to the whole, that he would not have purchased it without the part from which he is evicted. LSA-C.C. Art. 2511. If the sale is not cancelled, the buyer is entitled to a proportionate reimbursement from the seller. LSA-C.C. Art. 2514.
The relief granted by the trial court is not authorized by our law. In short, to sustain the judgment of the trial court would require the application of an extraordinary remedy, in the nature of a writ of mandamus or a mandatory injunction, to which the plaintiff is not entitled under the facts of this case. Under the stated facts, the plaintiff's remedy, if the subject property is in fact encumbered by a valid tax lien, is rescission of the sale or a proportionate reimbursement from the defendant.
Due to the nature of the relief sought by the plaintiff and granted by the trial court, there is no evidence in the record with regard to the extent to which the plaintiff's *908 property is allegedly encumbered, a determination which is vital before the appropriate relief can be determined. Accordingly, we reverse the trial court's judgment in favor of plaintiff and remand this matter to the trial court to allow the amendment of pleadings and the introduction of any additional evidence either party wishes to offer.

THIRD PARTY DEMAND
By the third party demand, Mrs. Manuel seeks indemnity from McGee for any amount, in judgment or additional taxes, which she is condemned to pay. She bases the claim on McGee's failure to inform her and the parties to the sale of the alleged outstanding tax lien. The trial court granted McGee's motion for summary judgment, dismissing the third party demand. We affirm this portion of the trial court's judgment.
The affidavit of Aaron Frank McGee, which is attached to his motion for summary judgment, establishes that he was retained by the purchasers, Clifton Clause and Burton Ortego, to examine the title to the property in question. He stated that he was not employed by Mrs. Manuel, as an attorney or otherwise, to advise her as to the validity of her title. His only contact with Mrs. Manuel was in his capacity as notary for the act of sale. Generally, in the absence of any attorney-client relationship, there can be no liability on the part of an attorney for legal malpractice.
Mrs. Manuel relies on the case of Capital Bank & Trust Company v. Core, 343 So.2d 284 (La.App. 1st Cir.1977), writ refused 345 So.2d 504 (La.1977). In that case, an attorney was engaged by a corporation to examine title to certain property. The property was used to secure a loan from the plaintiff bank. When the title opinion rendered by the attorney proved faulty, the bank brought a direct malpractice action against the attorney. The plaintiff bank did not engage the attorney to examine the title to the property, nor did it pay the attorney for his services. However, the evidence established that the plaintiff bank, in accepting the property in question as security for the loan for the corporation, relied on the title opinion rendered by the defendant. Furthermore, the defendant attorney was fully aware of the reliance the bank would place on the title opinion. Our brethren of the First Circuit held that the plaintiff bank could bring a direct malpractice action against the attorney. The court held that the attorney's liability arose from a stipulation pour autrui. The attorney rendered the title opinion for the benefit of a third party, the bank. Upon the bank's acceptance of the benefit of the title opinion (by lending money in reliance thereon), privity of contract was created sufficient to support the malpractice action.
The instant case is factually distinguishable from the situation in the Capital Bank case. The affidavit of McGee, which is corroborated by the deposition of Mrs. Manuel, establishes that McGee was not retained by Mrs. Manuel, and that at no time did he advise her as to the merchantability of her title. He never represented to her that her property was free of encumbrances.
Counsel for Mrs. Manuel argues that she would not have sold the property in question had she known that additional tax liability would result. While this may be true, the facts of the instant case fall short of establishing a privity of contract between McGee and Mrs. Manuel. To render McGee liable as a result of a stipulation pour autrui, we would have to find that his title examination and title opinion were rendered for the benefit of Mrs. Manuel. Clearly this was not the case. McGee's title opinion was rendered on behalf of Clause, Ortego, and St. Landry Bank & Trust Company. He had no reason to believe that Mrs. Manuel would base her decision to sell the property on his title opinion. We find no error in the trial court's summary judgment in favor of the third party defendant.
For the reasons assigned, the judgment rendered by the trial court in favor of plaintiff, Clifton Clause, Jr., is reversed and set aside and this matter is remanded *909 to the trial court for further proceedings consistent with the views expressed herein. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to Eldie F. Manuel and one-half to Clifton Clause, Jr., with assessment of the trial court costs to await a final determination of this matter.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.