DOMENGEAUX, Judge.
American Grain Association (AGA), an agricultural cooperative, sued the certified public accounting firm of Canfield, Burch & Mancuso (CPA) for an alleged breach of duty in both contract and tort causing damages to AGA. CPA answered with a general denial of plaintiff’s allegations and, alternatively, third partied three members of AGA’s Board of Directors: John R. De-nison, Forest E. Guthrie, and Bruce G. Her-lin (Directors). These third party defendants filed an exception of no right of action which was sustained by the trial court. A motion for new trial was granted for purposes of reargument only, and the exception was again sustained. Third party plaintiff-appellant CPA has appealed that judgment.
AGA’s original petition recites that CPA was employed by the cooperative to prepare certified financial statements and audit its internal controls. The petition alleges that the financial statements presented to AGA by CPA were not compiled in accordance with generally accepted accounting principles and that the defendant failed to submit any reports concerning the inadequacy of the cooperative’s internal controls. AGA claims that it relied on CPA’s financial and internal representations and that this reliance resulted in the payment of unauthorized dividends, prejudicing the cooperative in the amount of $10,725,-370.00.
CPA denied any liability for the unauthorized dividend payments. In the alternative, CPA third partied three of the association’s directors for contribution. This third party action was premised on the allegation that the Directors “were in a superior position of knowledge with respect to the affairs of the corporation and that the proximate cause of any loss sustained by the corporation was the failure of Denison, Guthrie, and Herlin properly to carry out their duties as members of the Board of Directors.... ”
The third party defendant Directors filed an exception of no right of action arguing that (1) the third party plaintiff CPA was not the proper party to bring an action under La.R.S. 12:92(D)[1] against the Directors of a corporation for an alleged breach of their duty to the corporation, and (2) the Directors were not warrantors or ones who are or may be liable to the principal defendant for all or part of the principal demand as is required for third party practice by the Louisiana Code of Civil Procedure Article 1111.
The trial court ruled in favor of the third party defendant Directors on both of the above grounds. In his oral reasons for judgment which were transcribed for the record, the trial judge held that (1) CPA was not among the class of persons to which La.R.S. 12:92(D) grants a right of action for a director’s breach of fiduciary duty, and (2) assuming La.R.S. 12:92(D) did not prevent the third party plaintiff’s suit, the Directors and CPA were not solidary obligors, a prerequisite to the applicability of contribution. Further, the lower court impliedly found that the third party plaintiff CPA had no cause of action due to the immunity afforded a corporation’s directors *1128 by La.R.S. 12:92(E).[2] Immunity from personal liability following the unauthorized payment of dividends arises when a director has relied, in good faith, on the financial reports of certified public accountants. Concluding that whatever breach of duty may have been made by the third party defendant Directors was induced by the faulty reports of the third party plaintiff CPA, the trial judge held that the statutory immunity of La.R.S. 12:92(E) would protect the Directors even assuming CPA had a right of action against them.
Appellant CPA has taken a suspensive appeal contesting the trial court’s rulings outlined above. Although appellant styled its specification of errors in terms other than those we choose to use,[3] it has briefed essentially three issues for review. We will take each in turn.
I. According to the general principles of solidarity, and assuming both CPA and the Directors are liable for the unauthorized dividend payments causing damage to AGA, are the debtors solidarily bound to AGA so as to make contribution available to CPA?
In the court below, CPA third partied the Directors claiming contribution. The codal authority for such a third party action exists in Louisiana Civil Code Articles 1804 and 1805 and Louisiana Code of Civil Procedure Article 1111. However, these codal articles and our jurisprudence have conclusively established that the right of contribution has application only when the obligation is solidary. Narcise v. Illinois Central Gulf Railroad, 427 So.2d 1192 (La.1983); Joiner v. Diamond M Company, 688 F.2d 256 (5th Cir.1982). Therefore, we must first determine whether the alleged fault of CPA and the Directors could create a solidary obligation between them to AGA.
Solidary is not presumed; it must be established by the parties or by law. La.C.C. Art. 1796. A solidary obligation arises by law when each obligor is liable for the whole performance. La.C.C. Art. 1794. Such concurrent liability exists when the debtors are obligated to the same thing. (See former La.C.C. Art. 2091, the source article of C.C.1794.) It matters not that each solidary obligor’s liability originates from different acts or is predicated upon diverse legal theories. Joiner v. Diamond M Company, supra; Hoefly v. G.E. I.C.O., 418 So.2d 575 (La.1982). It suffices that each obligor is responsible, at least in part, for the damages sustained by the obligee.
In the present case AGA suffered financial losses due to the unauthorized payment of dividends to its shareholders. AGA claims that its losses stem from the incompetence of the appellant, CPA. In the alternative to denying any liability of its own, CPA has alleged the Directors’ fault in contributing to the AGA’s damages. Assuming the appellant CPA can prove its allegations of the Directors’ breach of fiduciary duty to the plaintiff,[4] *1129 both appellant and appellees will be obligated to the same thing—compensation of the losses occasioned by the plaintiff following the unauthorized dividend payments. Such a concurrent obligation would give rise to a solidary obligation which, unless otherwise barred, would warrant the appellant’s right of action for contribution against the appel-lees.
II. Does La.R.S. 12:92(D) preclude one solidary obligor from asserting a right of action against another soli-dary obligor for contribution?
AGA is an agricultural cooperative organized under La.R.S. 3:71, et seq. Chapter 2 of Title 3 is not designed to regulate all aspects of a cooperative association's organization or business activities, and for that reason La.R.S. 3:149 subjects an association to the general corporation laws of this State. The Directors cite us to La.R.S. 12:92(D) of the Corporation Code as authority for their argument that CPA has no right of action against them for contribution. That statute states in pertinent part:
“D. If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the shareholders, ... the directors who knowingly, or without the exercise of reasonable care and inquiry, voted in favor thereof shall be liable jointly and severally to the corporation, or to creditors of the corporation, or to both, in an amount equal to the amount of the unlawful distribution.”
It is the Directors’ contention that the above-quoted provision prevents CPA’s third party action. Although La.R.S. 12:92(D) restricts the class of plaintiffs bringing independent actions against corporate directors for alleged breaches of their fiduciary duty to the corporation and its creditors, it does not necessarily follow that a derivative claim for contribution is likewise limited to the members of that class. In commenting upon the legal theory underlying Article 1213 of the Code Napoleon, the source of our own Civil Code Articles 1804 and 1805, Pothier explained that contribution arises from the principal of equity, whereby “payment by one debtor of the common debt ... ‘does not allow his co-debtors to enjoy, at his expense, the liberation from a debt for which they were as much bound as he was.’ ” 1 Pothier, Treatise on the Law of Obligations 147 (Evans transl. 1826), as quoted in Note, Contribution Among Joint Tortfeasors, 43 Tul.L.Rev. 153, at 157 (1968). Seeking to temper the old common law rule forbidding contribution between debtors, Prosser wrote:
“There is obvious lack of sense and justice in a rule which permits the entire burden of a loss, for which two defendants were equally, unintentionally responsible, to be shouldered onto one alone, according to the accident of a successful levy of execution, the existence of liability insurance, the plaintiff’s whim or spite, or his collusion with the other wrongdoer, while the latter goes scot free.”
W. Prosser, The Law of Torts § 47, at 275 (3d ed. 1964). No statute specifically forbids contribution between solidary obligors under the circumstances of this case, and given the pervasive scheme of our codal authority for contribution as well as the equitable principles behind it, we find no reason to justify prohibiting that remedy to CPA. Therefore, the trial court’s judgment sustaining the exception of no right of action is reversed.
III. Does La.R.S. 12:92(E) insulate the Directors from liability for their alleged breach of fiduciary duty to AGA?
This issue raises a factual question which was apparently summarily disposed of by the court on an exception of no cause *1130 of action.[5] The trial judge in his oral reasons for judgment noted that even assuming fault on the part of the Directors, La. R.S. 12:92(E) would provide them with statutory immunity from liability on the third party demand if CPA was found liable on the main demand.
We cannot agree with the trial court’s conclusion. La.R.S. 12:92(E) states in pertinent part:
“E. A director acting in reliance, in good faith, ... on financial statements or other records of the corporation represented as accurate by the president or other officer in charge of the corporation’s books of account or of such records, or stated in a written report by independent or certified public accountants fairly to reflect the corporation’s financial condition, shall not be held liable under the provisions of this Section.” (Emphasis added).
Since no evidence was presented to the Court on this issue, we find no basis for the trial judge’s determinations that (1) the third party defendant — appellee Directors relied on CPA’s report, and (2) that any such reliance was made in good faith. For this reason the ruling must be reversed.
For the above and foregoing reasons the judgment of the district court which sustained the exceptions of no right and of no cause of action is reversed and the case is remanded for further proceedings. All costs at trial in connection with these exceptions, and of this appeal, are to be borne by the appellees. Future costs to await final determination of the case.
REVERSED AND REMANDED.

. La.R.S. 12:92(D) states in pertinent part:
"D. If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the shareholders, ... the directors who knowingly, or without the exercise of reasonable care and inquiry, voted in favor thereof shall be liable jointly and severally to the corporation, or to the creditors of the corporation, or to both, in an amount equal to the amount of the unlawful distribution.”

. La.R.S. 12:92(E) provides:
"E. A director acting in reliance, in good faith, ... on financial statements or other records of the corporation represented as accurate by the president or other officer in charge of the corporation’s books of account or of such records, or stated in a written report by independent or certified public accountants fairly to reflect the corporation's financial condition, shall not be held liable under the provisions of this Section."

. In its brief appellant formulated its specification of errors as follows:
"I. The Trial Court improperly suggested that liability on the part of CANFIELD would relieve the DIRECTORS of any liability they might have.
II. The Trial Court improperly found that AGA was seeking recovery from CANFIELD for breach of contract, while CANFIELD'S claims against the DIRECTORS were in tort.
III. The Trial Court improperly concluded that the obligations of the DIRECTORS and CANFIELD to AGA were mutually independent obligations so that no solidary liability existed."

.The record discloses that oral arguments were made to the Court on the exception of no right of action; however, no evidence was taken concerning the merits of the appellant-third party plaintiff’s demands. In the face of such a factu *1129 ally barren record, this court is required to review the judgment granting the exception on the averments of fact contained in the pleadings. Clark v. Clark, 377 So.2d 544 (La.App. 3rd Cir.1979).

. The record does not indicate that the Directors advanced an exception of no cause of action. Presumably, the trial court noticed the exception on its own motion as authorized by La.C. C.P. Art. 927, although the judge’s oral reasons for judgment do not specify the legal basis for his ruling.