670 So.2d 467 (1996)
Rita KESLER, et al., Plaintiffs-Appellees,
v.
Thomas H. THEDFORD, et al., Defendants-Appellants.
No. 95-1059.
Court of Appeal of Louisiana, Third Circuit.
February 14, 1996.
Rehearing Denied April 17, 1996.
*468 John Ezell Jackson, Lake Charles, for Rita Kesler et al.
Fred Morris Trowbridge Jr., New Orleans, for Thomas H. Thedford et al.
Richard A. Chozen, Christopher M. Trahan, Lake Charles, for Home Insurance Company.
Thomas Michael Nosewicz, New Orleans, for Reliance Insurance Company.
Before COOKS, PETERS and GREMILLION, JJ.
COOKS, Judge.
This wrongful death lawsuit arose from a motor vehicle accident which occurred on U.S. Highway 165 in Allen Parish on September 18, 1992. Colen Kesler was killed when *469 his company vehicle was struck by a tractor-trailer rig operated by Thomas H. Thedford. Suit was instituted by Rita Kesler, Brandon Kesler and Kasey Kesler. Plaintiffs' petition named Thedford, U.S. Carriers, Inc., Sea Land Equipment and Service Company, Sea Land Service, Inc., CSX, Inc., and Western Alliance Insurance Company as defendants. Suit was filed also against Home Insurance Company as the uninsured or underinsured motorist carrier for the company vehicle driven by Colen Kesler.
Thedford owned the tractor which he was operating at the time of the accident. However, the tractor was leased by him, along with his driving services, to U.S. Carriers, Inc. U.S. Carriers was covered by an insurance policy issued by Western Alliance Insurance Company with policy limits of $1,000,000.00 per accident. The trailer attached to Thedford's tractor was owned by Sea-Land Equipment Services, Inc., a subsidiary of CSX Corporation. U.S. Carriers was using the trailer pursuant to an agreement between it and Sea-Land. CSX Corporation was covered by a liability policy issued by Reliance National Insurance Company.
Plaintiffs' lawsuit against Thomas Thedford, U.S. Carriers, and Western Alliance was settled on March 19, 1993. A limited motion was signed by the trial court dismissing these defendants. Only Home Insurance remained as a defendant until Reliance National was added as a defendant on June 15, 1993. Reliance National filed a third party demand seeking indemnity and/or reimbursement from Thedford. In response, Thedford motioned for summary judgment asserting Reliance National had no rights against him because he was dismissed by the plaintiffs, with prejudice. The trial court granted Thedford's motion for summary judgment. Reliance National has appealed that decision.
Reliance National also filed a motion for summary judgment contending its policy afforded no coverage for the claims made by plaintiffs. The trial court ruled in Reliance National's favor. From this ruling Home Insurance has appealed arguing Reliance National's policy affords liability coverage for Thedford in the amount of $2,000,000.00. Countering, Home Insurance argues this limit must be exhausted before it, as uninsured or underinsured motorist carrier, has any liability.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
As mentioned, Reliance National appeals the grant of summary judgment in favor of Thomas Thedford. Below, Thedford maintained because he settled with plaintiffs, Reliance's third party demand against him must fall as a matter of law. The trial court agreed, holding that "Louisiana courts have consistently held that the settlement and release of one solidary obligor prevents any other solidary obligor from seeking contribution or indemnity from the released debtor." We agree that the release of one solidary obligor prevents another solidary obligor from seeking contribution. See Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3 Cir.1964). However, Harvey does not apply where the basis for the third party claim is indemnity, not contribution. See Shuff v. Southern Silica of Louisiana, 626 So.2d 541 (La.App. 3 Cir.1993). This court in Klumpp v. XYZ Insurance Co., 547 So.2d 391, 393-394 (La.App. 3 Cir.), writ denied, 551 So.2d 1322 (La.1989) articulated the following reasons:
Indemnity is due when fairness requires that one person bear the total responsibility for an injury. The basis for indemnity in the civil law is restitution, the indemnitor having been unjustly enriched when the person seeking indemnity has discharged liability that was his responsibility. A solidary debtor who pays a debt *470 that concerns only a co-debtor is therefore, entitled to indemnity from the debtor in whose behalf the debt arose. La.C.C. art. 2106; Truxillo v. Gentilly Medical Bldg., Inc., 225 So.2d 488 (La.App. 4th Cir.1969). Thus, a person who is held liable vicariously or passively for the tort of another is due indemnity from the culpable tortfeasor. Robinson v. La. Dept. of Transp. and Dev., 454 So.2d 257 (La.App. 1st Cir.), writ denied 458 So.2d 122 (La.1984). One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free from fault and has discharged a debt that should be paid wholly by the indemnitor. The Louisiana Supreme Court in Green v. TACA Int'l Airlines, 304 So.2d 357 (La.1974) has summed up the principle this way: indemnity shifts the entire loss from a tortfeasor only technically or constructively at fault to the person primarily responsible, while contribution apportions the loss among those jointly responsible.
Since Reliance National's claim is not dependent upon a right of subrogation to the Keslers' claims against Thedford, the principal espoused in Harvey is not applicable and Reliance National's claim for indemnification, if necessary, is not precluded by the settlement agreement between Thedford and the Keslers. The trial court, thus, erred in summarily dismissing Reliance National's third party demand based on this reasoning.
However, Reliance National does not have a cause of action for contractual indemnity against Thedford because he was not a party to the contract at issue. Its reliance on Louisiana Civil Code article 1985 is not well placed. The right recognized in this provision necessarily presupposes the existence of a contract creating an obligation to indemnify. The contract of insurance giving rise to the claimed obligation to indemnify was executed by CSX Corporation. Louisiana Civil Code article 1985 provides "[c]ontracts may produce effects for third parties only when provided by law."[1] Thedford was not a party to the contract of insurance issued by Reliance National, and we are not aware of any law which binds him to indemnify Reliance National in this case. The trial court did not err in dismissing the action against Thedford, albeit by summary judgment rather than granting an exception of no cause of action.
Both Reliance National and Home Insurance agree Thomas Thedford is an omnibus insured under the Business Auto Policy issued by Reliance National. CSX Corporation was the named insured. The trailer attached to Thedford's tractor was owned either by CSX Corporation or its subsidiary, Sea-Land Equipment Services.[2] Thedford was using the trailer with the permission of the named insured and was therefore an omnibus insured under the policy. The question before us is whether the provisions of the Automobile Liability Deductible Endorsement preclude coverage. The deductible endorsement states in full:
OUR OBLIGATION TO PAY DAMAGES ON YOUR BEHALF APPLIES ONLY TO THE AMOUNT OF DAMAGES IN EXCESS OF THE DEDUCTIBLE AMOUNT STATED BELOW AS APPLICABLE TO THE COVERAGES AFFORDED BY THIS POLICY, AND THE LIMIT OF LIABILITY SHOWN IN THIS POLICY AS BEING APPLICABLE TO EACH ACCIDENT FOR THOSE COVERAGES SHALL BE REDUCED BY THE AMOUNT OF THE DEDUCTIBLE.
THE DEDUCTIBLE AMOUNT APPLIES TO ALL DAMAGES TO WHICH THIS INSURANCE APPLIES AS THE RESULT OF ANY ONE ACCIDENT REGARDLESS OF THE NUMBER OF INSUREDS, CLAIMS MADE, OR SUITS BROUGHT, OR PERSONS OR ORGANIZATIONS MAKING CLAIMS OR BRINGING SUITS BECAUSE OF THAT ACCIDENT. WE MAY PAY THE ENTIRE AMOUNT OF DAMAGES, INCLUSIVE OF THE DEDUCTIBLE AMOUNT, AND YOU SHALL *471 PROMPTLY REIMBURSE US FOR A) THE DEDUCTIBLE AMOUNT, B) ALL SUPPLEMENTARY PAYMENTS WE INCUR IN DEFENDING THE CLAIMS FROM THAT ACCIDENT TO WHICH THIS INSURANCE APPLIES, AND C) ALL UNALLOCATED LOSS EXPENSE WE INCUR AS REPRESENTED BY THE NON-SUPPLEMENTARY PAYMENT CHARGES MADE BY CRAWFORD & COMPANY TO ADJUST AND SETTLE CLAIMS.

DEDUCTIBLE AMOUNT

$2,000,000.00 [EACH COVERAGE], EACH ACCIDENT.
Home Insurance argues the reference to "your behalf" in the first paragraph of the deductible endorsement limits the endorsement to CSX or Sea-Land. However, the second paragraph states the deductible applies to "all damages to which this insurance applies ... regardless of the number of insureds..." This language clearly covers Thedford as an insured under Reliance National's policy. Thedford, Sea-Land and/or CSX have all been dismissed, with prejudice, by plaintiffs. Since all the parties have been dismissed, the dismissal applies to their obligation to respond under the endorsement. In Steers v. International Paper Co., 540 So.2d 1236, 1242 (La.App. 3 Cir.), writ denied, 543 So.2d 20 (La.1989), this court gave effect to a deductible endorsement in an insurance policy issued to the owner of a trailer involved in the accident, finding the "language used in the policy regarding the deductible amount is clear and unambiguous." As stated above, we find the language of the deductible endorsement clearly and unambiguously covered Thedford as an insured.
Home Insurance also contends the MCS-90 Endorsement is applicable to this accident, and that the Automobile Liability Deductible Endorsement is not applicable to the MCS-90 Endorsement. Home Insurance argues the effect of the MCS-90 endorsement is to nullify the provisions of the deductible endorsement found elsewhere in the policy as to "any final judgment recovered against the insured ..." The purpose of the MCS-90 Endorsement is to satisfy the Interstate Commerce Commission (ICC) requirement that carriers under the jurisdiction of the ICC have sufficient liability insurance to cover judgments issued against it. Insured is defined under the federal regulation as follows:
Section 387.5Definitions as used in this subpart ...
Insured and principalthe motor carrier named in the policy of insurance, surety bond, endorsement or notice of cancellation and also the fiduciary for the motor carrier.
Reliance National's insured is Sea-Land and/or CSX, which owned a trailer hauled by the motor carrier (U.S. Carriers) and under whose ICC permit Thedford was operating. In this case, the motor carrier named in the policy of insurance is clearly not Thedford. Therefore, he is not an insured for purposes of the MCS-90 Endorsement. The trial court was correct in dismissing Reliance.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally to Home Insurance and Reliance National.
AFFIRMED.
NOTES
[1] Emphasis was added by us.
[2] CSX, Inc. is the parent corporation of Sea-Land and the named insured on the declaration sheet of the policy.