746 So.2d 652 (1999)
Kenneth Earl THOMPSON and Mala Bourg Thompson, Plaintiffs Appellees,
v.
Gerald W. HARRINGTON, as Clerk of Court and Ex-Officio Recorder, for the Parish of Allen, State of Louisiana, and Omni Insurance Company, DefendantsAppellants.
No. 99-571.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*654 Daniel G. Brenner, Alexandria, for Kenneth Earl Thompson, et ux.
Scott Gerard Vincent, New Orleans, for Gerald W. Harrington, Clerk of Court, et al.
BEFORE: THIBODEAUX, PETERS and GREMILLION, Judges.
THIBODEAUX, Judge.
The Clerk of Court of Allen Parish, Gerald W. Harrington, original defendant and third-party plaintiff, was sued by Kenneth and Mala Thompson for improperly indexing a previously recorded mortgage on property which they purchased. Harrington third-partied the attorney for the Thompsons, K. Ray Rush, and his professional liability insurer, Coregis Insurance Company, alleging negligence by Rush and seeking contribution or indemnity from Rush. Harrington appeals a judgment of the trial court granting an Exception of No Cause of Action to Rush and Coregis Insurance Company. We affirm the granting of the exception in favor of Rush and against Harrington.
I.
ISSUES
We must decide:
1) whether a third party malpractice action may be brought against an attorney where there is no attorney-client relationship between the third-party plaintiff and the attorney; and
2) whether a third-party claim against the attorney for indemnity and contribution may properly be maintained.

II.

FACTS
The Clerk of Court of Allen Parish, Gerald W. Harrington (hereinafter "Harrington"), improperly indexed the mortgage of Mr. and Mrs. Rufus McDaniel during the recordation process in 1997 after the McDaniels executed a mortgage on their property in 1996. Subsequently, in December of 1997, the property was sold by the McDaniels to Mr. and Mrs. Kenneth Thompson. The Thompsons retained an attorney, K. Ray Rush, to search the title and provide a title opinion on the property to determine all encumbrances, liens, or mortgages recorded against it. Due to the indexing of the mortgage under "McC" rather than under "McD," the property appeared to be unencumbered by the McDaniels' mortgage.
The Thompsons brought claims against the McDaniels for fraud and against Harrington for failing to properly index the mortgage recorded by the McDaniels. Harrington third-partied Rush for failing to discover the McDaniel mortgage and for failing to have the mortgage paid off before disbursing the proceeds of the sale to the Thompsons. The McDaniels also third-partied Rush. The mortgagee sued *655 the McDaniels and the Thompsons for the balance due and seized the property. Before the sheriff's sale, the mortgage was apparently paid off by Rush, who received an assignment of the mortgage and the mortgage note.
In response to both third-party demands, Rush filed an Exception of No Cause of Action, which was granted by the trial court. Only Harrington appealed. The decisive issue now before this court is whether the trial court erred in granting Rush's Exception of No Cause of Action as to Harrington. For the reasons set forth below, we affirm the trial court's granting of the exception in favor of Rush and against Harrington.

III.

LAW AND DISCUSSION

Assignment of Error
The Clerk of Court of Allen Parish, Gerald W. Harrington, contends that the trial court erred in granting the Exception of No Cause of Action filed by attorney Ray Rush and his professional liability carrier, Coregis Insurance Company. We find no reversible error in the trial court's ruling. The third-party action of Harrington alleges negligence on the part of Rush in failing to detect the improperly indexed mortgage, in failing to conduct a proper search of the mortgage records, and for disbursing the proceeds of the sale without first paying off the mortgage of the McDaniels. All of these alleged failures arose during Rush's representation of the Thompsons, who retained him to certify clear title to the property they were purchasing. Therefore, Harrington is attempting to assert a malpractice cause of action against Rush for negligently handling the Thompsons' affairs. Harrington fails, however, to assert the most essential element of a malpractice cause of action, which is an attorney-client relationship.

No Cause of Action
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the plaintiff's petition, and to determine whether the law provides a legal remedy to anyone under the factual allegations, taken as true, that arise on the face of the petition. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Kahn v. Jones, 95-259 (La.App. 3 Cir. 11/2/95); 664 So.2d 700. In order to state a cause of action, the plaintiff must allege facts supporting the elements of his claim. See White v. White, 93-1389 (La.App. 3 Cir. 6/15/94); 641 So.2d 538, writs denied, 94-2456, 94-2467 (La.12/19/94); 648 So.2d 402; Guilbeaux v. Times of Acadiana, Inc., 94-1270 (La.App. 3 Cir. 8/9/95); 661 So.2d 1027, writ denied, 95-2942 (La.3/29/96); 670 So.2d 1238. In the present case, we particularly expect to see the major element of the claim Harrington is asserting against Rush.
We find that Harrington's third-party petition fails to state a cause of action for malpractice against Rush because it fails to assert the attorney-client relationship essential to the malpractice cause of action. See Stewart v. St. Frances Cabrini Hosp., 96-1167 (La.App. 3 Cir. 6/11/97); 698 So.2d 1; Vallier v. Louisiana Health Systems, Inc., 98-834 (La.App. 3 Cir. 12/9/98); 722 So.2d 418, writ denied, 99-62 (La.2/26/99); 738 So.2d 587. Even if we assume, arguendo, that Harrington's third-party petition states a claim for simple negligence under La.Civ.Code art. 2315, the negligence alleged stems from malpractice, and Harrington does not have standing to assert a malpractice cause of action against Rush. Therefore, allowing Harrington to amend his pleading under La.Code Civ.P. art. 934 would be futile. The right to amend is not so absolute as to permit same when such amendment would constitute a vain and useless act. Sanders v. Gore, 95-660 (La.App. 3 Cir. 7/10/96); 676 So.2d 866, writ denied, 96-2072 *656 (La.11/15/96); 682 So.2d 762; see also La. Code Civ.P. art. 934.
Harrington argues that an exception of no cause of action is not the proper procedural vehicle for the exception asserted by Rush, and that the proper vehicle is an exception of no right of action. As stated above, Harrington failed to state a cause of action for malpractice. Hence, the exception of no cause of action was a proper procedural vehicle. Notwithstanding, we find that the substance of Mr. Rush's exception asserts an exception of no cause of action and an exception of no right of action, and that his failure to draft and title two separate exceptions is of no effect in this case. We can treat the pleading as urging both exceptions. See Sanders, 676 So.2d 866. More specifically, the exception of no right of action is a separate and distinct exception. It determines whether the petitioner belongs to the particular class to which the law grants a remedy for the particular harm alleged. Arcadian Corp. v. Olin Corp., 97-174 (La. App. 3 Cir. 6/18/97); 698 So.2d 9. Its function is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. Kahn, 664 So.2d 700. In other words, can this plaintiff assert this particular cause of action?
Notwithstanding the title of the exception filed by Rush, the substance of the exception asserts that Harrington has no right of action against him. The exception of Rush specifically asserts that any claims against him or his malpractice insurer for damages "arising from Mr. Rush's handling of the Thompson real estate closing belong to his clients, Kenneth Earl Thompson and Mala Bourg Thompson, and not to third party plaintiffs [Harrington]." The fact that a pleading is captioned or styled as one of no cause of action wherein its substance addresses the right of a party to bring the action is of no consequence because the substance of the pleading controls. Every pleading shall be construed so as to do substantial justice. La.Code Civ.P. art. 865. The caption of the pleading does not control; rather, the court is obligated to determine the substance of the pleading. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
Directly on point is Smith v. Succession of Trattler, 96-225 (La.App. 5 Cir. 9/18/96); 681 So.2d 961, where the court concluded that the defendants' exceptions should have been labeled as one of no right of action in addition to one of no cause of action since the pleadings challenged the plaintiffs' right to bring the action as well as opposed the existence of a cause of action. There the court relied upon La. Code Civ.P. art. 865 and addressed the exception as if it had been titled an exception of no right of action. Moreover, the appellate court can on its own motion notice a lack of standing to bring suit and can bring on its own motion an exception of no right of action, even if the exception was not expressly urged by the party. La. Code Civ.P. art. 927. In this case, we find that the exception of no right of action was properly pled in substance under the title of an exception of no cause of action.

No Right of Action
In order to determine whether an exception of no right of action should be granted in this case, the above definition of no right of action must be read in conjunction with the requirements for establishing a claim for legal malpractice. In order for a plaintiff to establish a prima facie case for recovery in a claim for malpractice, he must prove:
1) that he and the defendant entered into an attorney/client relationship,
2) that the attorney was guilty of negligence or professional impropriety in his relationship with the client, and
3) that this conduct caused the plaintiff some loss.
Dinger v. Shea, 96-448 (La.App. 3 Cir. 12/11/96); 685 So.2d 485.
Hence, the existence of an attorney-client relationship is essential to the malpractice allegations made by Harrington in *657 his petition. It is undisputed that Harrington was not in an attorney-client relationship with Rush. Rush represented only the Thompsons. Therefore, Harrington has no right of action against Rush. In fact, Harrington's own brief to this court states that "Rush owed no legal duty to Harrington.... Rush owed a duty to the Thompsons...."
Harrington next asserts that Rush owed a "fiduciary duty" to pay and cancel the existing mortgage before disbursing the sale proceeds to the sellers. However, Harrington does not say to whom Rush owed this duty. Harrington string cites several cases including Penalber v. Blount, 550 So.2d 577 (La.1989), for the proposition that an attorney may be liable to third persons for malpractice if he exceeds the limits of his agency, engages in intentional or fraudulent conduct, or breaches a fiduciary duty. However, Penalber involved allegations of intentional wrongdoing, not breach of fiduciary duty, and the court overruled the attorney's exception to the malpractice claim[1] only because it found that the adversary's petition stated a cause of action in intentional tort. We, on the other hand, do not find that the petition of Harrington states a cause of action against Rush for exceeding his agency, for engaging in intentional or fraudulent acts, or for a breach of fiduciary duty to anyone other than the Thompsons.
Nor do the other cases cited by Harrington support his position, but rather reinforce the granting of Rush's exception. Abell v. Potomac Ins. Co., 858 F.2d 1104 (5th Cir.1988), cert. granted on unrelated issue sub nom., Fryar v. Abell, 492 U.S. 914, 109 S.Ct. 3236, 106 L.Ed.2d 584 (1989), cert. denied, Abell v. Wright, 492 U.S. 918, 109 S.Ct. 3242, 106 L.Ed.2d 589 (1989), stated that Louisiana allows third-party suits against attorneys only if the attorney prepares an opinion for the non-client on which he knows the non-client will rely. There, the court found that bondholders who did not suggest any public duty violated by the bond counsel and who did not have an attorney-client relationship with the bond counsel could not maintain an action against the bond counsel for breach of fiduciary duty.
The Abell court articulated that the test for attorney liability to non-clients was first developed in Capital Bank & Trust Co. v. Core, 343 So.2d 284 (La.App. 1 Cir.), writs denied, 345 So.2d 61 and 345 So.2d 504 (La.1977), also cited by Harrington. There, the appellate court held an attorney liable to a bank, reasoning that where an attorney furnishes a title opinion to a non-client, knowing the third party would rely upon the opinion, the attorney is liable to the third party. However, the court relied upon former La.Civ.Code art. 1890, which established liability for a stipulation pour autrui, where one binds himself for the benefit of a third party. The court explained that in such a situation, privity of contract results and the agreement becomes binding and effective in favor of the third party upon his acceptance. Rush did not bind himself for the benefit of Harrington, and no stipulation pour autrui exists in this case.
In Clause v. Manuel, 442 So.2d 905 (La. App. 3 Cir.1983), writ denied, 448 So.2d 106 (La.1984), this court refused to extend attorney liability to third parties beyond the Capital Bank rule. In Clause, we refused to hold a land purchaser's attorney liable to the seller for a negligent title opinion which the attorney prepared. In Dinger, 685 So.2d 485, we sustained an *658 attorney's exception of no right of action with regard to malpractice claims filed by a husband who was not a party and was not represented along with his wife in the proceedings giving rise to the claims of malpractice.
Accordingly, we find that Harrington was not in an attorney-client relationship with Rush, and he has no right of action in the claims asserted. Moreover, he does not fit into any of the exceptions wherein third parties may have a right of action against the attorney of another. No allegations have been made that Rush exceeded his agency, that his error was intentional, or that his conduct was fraudulent. Harrington was not a third-party beneficiary of the opinion or sales proceeds administered by Rush; he did not rely upon the real estate closing of Rush to his detriment; and, more importantly, Rush did not do any work with knowledge that it would be relied upon by Harrington. To the contrary, attorneys generally rely upon the clerk of court to properly index the property mortgages and transfers they search.
Moreover, Harrington had no justiciable interest in the opinion and real estate closing that Rush performed for his clients. Further, Rush did not owe a fiduciary duty to the public to uncover an error that Harrington himself made. To the contrary, Harrington was the public official who owed a fiduciary duty to the public, including the Thompsons and any other potential purchasers, to properly index the mortgages in his mortgage and conveyance department. All claims urged by Harrington against Rush for failure to discover the recorded mortgage and properly disburse the proceeds of the sale belong only to Rush's clients, the Thompsons.

Warranty, Indemnity and Contribution
Harrington asserts that La.Code Civ.P. art. 1111 allows him, as an original defendant, "to bring a third-party action against a warrantor or against a joint tortfeasor who is or may be liable to him for indemnity or contribution for all or part of plaintiffs demand." However, Article 1111 states that: The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand. (Emphasis added.)
While Harrington states that Rush owed indemnity to the Thompsons for the clear title he warranted in his title opinion, Harrington fails to demonstrate what warranty Rush has extended to him under Article 1111. Harrington states that Rush eventually paid off the mortgage, and this court assumes that this act was in connection with the clear title he warranted the Thompsons and any attendant indemnity owed them. However, in his own brief Harrington has stated that Rush is not his warrantor and is not liable to Harrington. More specifically, Harrington's brief states: "Harrington is not calling upon Rush as his warrantor in title or as owing him a duty of care.... Harrington is calling on Rush as warrantor of title to the Thompsons and for having breached his legal duty to the Thompsons." Harrington's arguments are confusing and self-contradictory. It is clear that Rush is not the warrantor of Harrington such that Harrington could bring a proper third-party action against Rush under Article 1111.
Likewise, we find that Harrington does not have a cause of action for contribution. Contribution is allowed only among tortfeasors who are solidarily liable. Narcise v. Illinois Cent. Gulf R.R. Co., 427 So.2d 1192 (La.1983); see also American Grain Ass'n. v. Canfield, Burch & Mancuso, 471 So.2d 1125 (La.App. 3 Cir.1985). Noncontractual solidary liability was abolished in 1996, except as to those tortfeasors who conspire to cause intentional or willful harm. La.Civ.Code art. 2324. Again, this is not a case where fraudulent conduct or intentional errors in a real estate *659 transaction are alleged against Rush, and Harrington has no cause of action for contribution.
Harrington's claim for indemnity fails as well. Clearly there was no contract of indemnity between Harrington and Rush. Rush responds by pointing out that liability for indemnity exists only when the party seeking indemnity is free from fault and has discharged the debt that should be paid wholly by the indemnitor or the one responsible for damages. See Kesler v. Thedford, 95-1059 (La.App. 3 Cir. 2/14/96); 670 So.2d 467, writ denied, 96-1216 (La.6/21/96); 675 So.2d 1085. Harrington does not argue that Rush is the sole tortfeasor. In fact, Harrington alludes to himself as the alleged "joint tortfeasor."
Harrington's third-party petition does not allege that Rush warranted him good title or owes him indemnity. It does restate the Thompsons' position in their petition that "the sole and proximate cause of the incident in question was the negligence of third-party plaintiff, Gerald W. Harrington, in improperly indexing the mortgage recorded against the property." Accordingly, Harrington's petition has not asserted that he is free from fault in the main demand, or that he has paid the debt owed the Thompsons. Therefore, he has not stated a cause of action against Rush for indemnity. Moreover, because Harrington had no indemnity contract, because he does not deny indexing the mortgage, and because he did not pay the debt, Harrington has no right of action for indemnity. The doctrine of tort indemnity in the context of the present set of facts is a dead letter. See Frank L. Maraist and Thomas C. Galligan, Jr., Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law, 71 Tul. L.Rev. 339, 409 (1996). Accordingly, Harrington has not stated a cause or demonstrated a right of action in any of the theories of liability he advances.

IV.

CONCLUSION
Based upon the foregoing, we affirm the judgment of the trial court which granted the exception of no cause of action filed by K. Ray Rush and Coregis Insurance Company against the claims of Gerald W. Harrington. All costs of this appeal are assessed against Gerald W. Harrington.
AFFIRMED.
NOTES
[1] The Louisiana Supreme Court in Penalber, 550 So.2d at 581, did not distinguish between no cause of action and no right of action assertions in the exception of the attorney, Connelly, but stated that:

Connelly correctly asserts, that under the facts, no cause of action exists against him under theories of malpractice or negligence. His argument is not dispositive ... since an objection of no cause of action must be overruled if the petition states a cause of action on any ground or portion of the demand. We find the police jury's petition patently states a cause of action in intentional tort. (Citations omitted).