692 So.2d 1289 (1997)
Debbie BOUTIN, Natural and Legal Parent of/and Joshua Boutin, Jordan Boutin and Joshua Boutin,[1] Plaintiff-Appellant,
v.
OAKWOOD VILLAGE NURSING HOME, d/b/a Oakwood Nursing Home, Defendant-Appellee.
No. 96-1579.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Writ Denied June 20, 1997.
*1290 John William Redmann, New Orleans, for Debbie Boutin, et al.
Shepton F. Hunter, Lafayette, Timothy Reynolds, Crowley, Kym K. Keller, Gretna, for Oakwood Village Nursing Home.
Before DOUCET, C.J., and YELVERTON and WOODARD, JJ.
DOUCET, Chief Judge.
This is an appeal from the trial court's grant of an exception of no right of action and a motion for summary judgment filed by the defendant, Oakwood Village Nursing Home (Oakwood).
The trial court in its reasons for judgment outlined the underlying facts of the case as follows:
"BOUTIN'S grandmother, Ms. Ennice Rouly, was a resident of OAKWOOD. Allegedly, BOUTIN, along with her three small children, visited her grandmother during a period of time in which the grandmother apparently had a bacterial infection, in particular, MRSA[2]. BOUTIN claims that she and her sons sustained mental anguish after learning about the infection, especially since her sons allegedly became ill around this time. BOUTIN took the sons to Dr. Padmina Gupta for treatment. Dr. Gupta advised BOUTIN that if the boys got better, which they did, there was no reason to return. Consequently, BOUTIN'S sons only saw Dr. Gupta once during this period, with no diagnosis of infection from the grandmother. (See Defendant's Exhibit 8, deposition of Dr. Gupta.) BOUTIN has not alleged any further treatment for her sons related to Ms. Rouly's illness."
Ms. Boutin and her sons sued to recover damages for negligent infliction of mental distress in connection with their exposure to MRSA. In response, the defendant filed an exception of no right of action concerning any claims made on behalf of Ennice Rouly. Additionally, the defendants filed a motion for summary judgment alleging that no genuine issue of material fact remained as to the liability of Oakwood.
The trial court granted both the exception of no right of action and the motion for summary judgment. As a result, the plaintiffs' suit was dismissed at their cost. Plaintiffs appeal.

SUMMARY JUDGMENT
In Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La.7/5/94); 639 So.2d 730, 750-751, the Louisiana Supreme Court reviewed the law of summary judgment:
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 865, (5th Cir.1983); see Wright, Miller & Kane, Federal Practice and Procedure, § 2716 (Supp.1991). "Stated conversely, [summary judgment] should be denied if *1291 there is (1) a genuine issue of fact and [93-2512 La. 27](2) it is material to the case." Brown v. B & G Crane Service, Inc., 172 So.2d 708, 710 (La.App. 4th Cir.1965).
A "genuine issue" is a "triable issue." Toups v. Hawkins, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing Brown, supra). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3d Cir.), writs denied, 525 So.2d 1048, 1049 (La.1988); Pace v. Zilka, 484 So.2d 771 (La.App. 1st Cir.), writ denied, 488 So.2d 691 (La.1986); Mecom v. Mobil Oil Corp., 299 So.2d 380, 386 (La.App. 3d Cir.), writ denied, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." Brown, 172 So.2d at 710; Sally Beauty Co. v. Barney, 442 So.2d 820, 822 (La.App. 4th Cir.1983).
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La. 1992).
We agree with the trial judge that the elements of the plaintiffs' case are similar to those involving fear of contracting HIV.
[T]he plaintiff must prove a channel to the plaintiff for infection in order to recover for negligent infliction of emotional distress in a case involving fear of HIV infection. The existence of the channel for infection makes the threat of infection much more of a real possibility to be feared and far more than a speculative worry. Liability in the absence of a channel could provoke a flood of ill-justified litigation. Of course, it is the channel for infection, not actual HIV transmission or infection, which must be proven.
Vallery v. Southern Baptist Hosp., 630 So.2d 861, 867 (La.App. 4 Cir.1993), writ denied, 94-0249 (La.3/18/94); 634 So.2d 860.
A similar approach, while not spelled out as such, seems to have been taken in other cases involving infectious diseases. See Raney v. Walter O. Moss Regional Hosp., 629 So.2d 485 (La.App. 3 Cir.1993), writ denied, 94-0347 (La.4/7/94); 635 So.2d 1134, where damages for negligent infliction of emotional distress were awarded where there was a real and genuine probability, although low, that family members would become infected with the mother's hepatitis "B."
The defendant, in its motion for summary judgment, asserts that there is no issue of material fact remaining because the plaintiffs cannot show that they were exposed to any disease causing agent, in other words, they cannot show a channel for infection. The defendant's supporting documents show that, to be infected with MRSA, there must be direct contact between the plaintiffs and the infected sore on Mrs. Rouly's body or Mrs. Rouly's body fluids. Plaintiffs have not submitted evidence of an alternative means of infection to controvert this evidence. Neither the petition nor the affidavit submitted by the plaintiffs in opposition to the motion for summary judgment allege such direct contact. Accordingly, we find no material issue of fact remaining but that the plaintiffs have neither alleged nor shown a channel of infection by which they could have contracted MRSA. Therefore, the trial judge correctly dismissed their claim for negligent infliction of emotional distress.

NO RIGHT OF ACTION
The plaintiffs further argue that the trial judge incorrectly ordered stricken certain *1292 portions of their petition, based on a finding that they had no right of action to pursue claims for Mrs. Rouly. They argue that since they were making no claims for Mrs. Rouly, the disputed portions should not have been stricken. Having found that the trial judge correctly dismissed the plaintiffs' claims, we need not consider the correctness of the decision to strike certain portions of their petition.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.
WOODARD, J., dissents without reasons.
NOTES
[1] This is apparently a typographical error in the caption of the original petition since Ms. Boutin's third child is named as Jacob in the body of the petition.
[2] Methicillin Resistant Staphylococcus Aureus (MRSA).