698 So.2d 1 (1997)
Terry STEWART, Plaintiff  Appellee,
v.
ST. FRANCES CABRINI HOSPITAL, Defendant  Appellant.
No. 96-1167.
Court of Appeal of Louisiana, Third Circuit.
June 11, 1997.
Clifton Spears, Jr., Alexandria, for Terry Stewart.
David Richard Sobel, Alexandria, for St. Frances Cabrini Hospital.
Before THIBODEAUX, PETERS and SULLIVAN, JJ.
THIBODEAUX, Judge.
An employee of St. Frances Cabrini Hospital was stuck by a hypodermic needle. His wife, Terry Stewart, sued St. Frances Cabrini Hospital under the theory of negligent infliction of emotional distress arising out of a fear that the needle was contaminated with HIV or hepatitis B virus. Defendant filed peremptory exceptions of no cause and no right of action. The trial court denied the exceptions, and defendant's application for supervisory writs was denied by this court. The Louisiana Supreme Court subsequently remanded the application to this court for briefing, argument, and opinion.
For the following reasons, we reverse the judgment but remand this case to the trial court to allow the plaintiff fifteen days to amend her lawsuit to state a cognizable claim.

I.

ISSUE
We must decide whether the spouse of a hospital employee may sue a hospital, subsequent to that employee being stuck with a needle, for a fear of HIV and hepatitis B, when there is no allegation that the needle was contaminated with any infectious disease and when there is no allegation of a channel for exposure to the spouse.

II.

FACTS
Cedric Stewart, an employee of St. Frances Cabrini Hospital in Alexandria, Louisiana, was stuck by a hypodermic needle while retrieving waste from a container that was reserved for non-hazardous material. After promptly reporting the incident to his supervisor, *2 Mr. Stewart was treated in the hospital's emergency room where he was prescribed AZT, a drug used as an inhibitor of HIV. The hospital informed Mr. Stewart that he may have been exposed to HIV or hepatitis B as a result of being stuck with the needle and advised him to avoid unprotected sex and open-mouth kissing with his wife. Terry Stewart, the wife of Cedric, alleges that the hospital did not attempt to determine whether the needle had been contaminated by any infectious disease. Ms. Stewart further alleges that due to the hospital's negligent actions, she has developed a fear of contracting an incurable and fatal disease; as a result of this fear, she is no longer able to perform her marital duties which has led to a marital breakdown. She seeks compensation from the hospital for its agents' negligent infliction of emotional distress.

III.

LAW AND ARGUMENT
Appellant, St. Frances Cabrini Hospital (Cabrini), asserts that this court erred in not granting its peremptory exceptions of no cause and no right of action. In its brief, Cabrini relies heavily on the language used in Vallery v. Southern Baptist Hospital, 630 So.2d 861 (La.App. 4 Cir.1993), writ denied, 94-0249 (La.3/18/94); 634 So.2d 860. In that case, Mr. Vallery, a hospital security guard, was attempting to restrain an unruly patient when an intravenous needle became dislodged. The patient, who was suffering from acquired immune deficiency syndrome (AIDS), subsequently bled on Mr. Vallery's unprotected hand. No one at the hospital told Mr. Vallery that the patient was suffering from AIDS. That night, Mr. Vallery had unprotected sex with his wife. The next day, Mr. Vallery was informed of his exposure to AIDS. Since Mrs. Vallery had been exposed through contact with her husband, both were enrolled in a testing program and advised to engage in protected sex only.
Mrs. Vallery filed a claim against the hospital under a negligent infliction of emotional distress theory. Id. The defendant-hospital in that case raised the peremptory exception of no cause of action, and the trial court sustained it. On appeal, the fourth circuit reversed the trial court's sustaining of the exception and remanded for further proceedings. It found the possibility of the existence of a channel of infection from the patient to Mr. Vallery, and therefore to Mrs. Vallery. The allegations were sufficient to overcome the exception of no cause of action. The factual issues were to be determined at trial pending further medical evidence. Moreover, under an ease of association analysis, the court determined that Mrs. Vallery was owed a duty and that the breach of that duty was related to the harm she suffered. Id.
As in the Vallery case, the possibility of a channel for infection of an infectious disease was the key issue in Boutin v. Oakwood Village Nursing Home, 96-1579 (La.App. 3 Cir. 4/2/97); 692 So.2d 1289. In that case, the grandchild and great-grandchildren of a nursing home resident sued the nursing home for negligent infliction of emotional distress after they learned that the resident suffered from a bacterial infection to which they had been exposed. Defendant's supporting documents indicated that in order to have contracted the bacterial infection in question, plaintiffs needed to have been exposed to it either through an exchange of body fluids or direct contact with a sore on the body of their grandmother/great-grandmother. Since plaintiffs were unable to establish a channel for infection, this court affirmed the trial court's dismissal of their claim.
The threshold issue before this court is whether there is a reasonable factual basis on which Ms. Stewart can make her claim of negligent infliction of emotional distress. In Vallery, 630 So.2d at 867, the fourth circuit stated the following pertinent language:
[t]he plaintiff must prove a channel to the plaintiff for infection in order to recover for negligent infliction of emotional distress in a case involving fear of HIV infection. The existence of the channel for infection makes the threat of infection much more of a real possibility to be feared and far more than a speculative worry. Liability in the absence of a channel could provoke a flood of ill-justified litigation. Of course, it is the channel for *3 infection, not actual HIV transmission or infection, which must be proven.... In short, we find that fear in the absence of a channel to the plaintiff for infection, while perhaps genuine, is not sufficiently reasonable as a matter of law to impose liability.
It is thus important for this court to determine whether the petition sets forth a basis for the fear of a channel for infection. In order to do so, we must examine the possibility of a channel for infection between the needle and Mr. Stewart and then from Mr. Stewart to Ms. Stewart.
There are two factual elements that make a clear determination difficult. First, the hospital allegedly never made any effort to determine whether the needle was contaminated with HIV or hepatitis B. Second, no channel for infection between Mr. and Ms. Stewart is alleged in Ms. Stewart's petition. Without evidence of the presence of an infectious disease and without allegations of a channel for infection, this claim becomes one steeped in speculation.
We recognize Ms. Stewart's fear of contracting an infectious disease as real and genuine. However, not every fear is compensable. Although it is possible that Mr. Stewart was exposed to an infectious disease through the needle prick, and although it is possible that Mr. Stewart exposed his wife through a channel for infection, the allegations set forth in Ms. Stewart's petition are insufficient to establish a cause of action. A channel for infection must be alleged.
Pursuant to La.Code Civ.P. art 934, we remand this case to the district court and allow Ms. Stewart fifteen days from the finality of this judgment to amend her petition and state a cause of action consistent with the Vallery and Boutin decisions. If Ms. Stewart cannot do so, or fails to comply, the action may be subject to dismissal by that court. La.Code Civ.P. art. 934.
All costs of this appeal shall be paid equally by each party.
REVERSED AND REMANDED.