711 So.2d 734 (1998)
Lori WALKER, et al., Plaintiffs-Appellants,
v.
ALLEN PARISH HEALTH UNIT, et al., Defendants-Appellees.
No. 97-1007.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
Rehearing Denied May 29, 1998.
*735 Mark Terrance Hoychick, Eunice, for Lori Walker, et al.
Glen Carl Reynaud, Baton Rouge, for Allen Parish Health Unit, et al.
Before SAUNDERS, SULLIVAN and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal from the trial court's granting of a motion for summary judgment in favor of the defendants, the State of Louisiana through the Department of Health and Hospitals (DHH) and the Allen Parish Health Unit (Health Unit), dismissing the claims of the plaintiffs, Lori and Marlan Walker. The Walkers sued individually and on behalf of their minor child, Terrance, for damages he and they received when he was pricked by a used needle while at the Health Unit. The trial court dismissed the Walkers' claims for negligent infliction of emotional distress, but denied the motion as it pertained to Terrance. The Walkers appeal this judgment. We affirm.

FACTS
On March 20, 1991, Lori was at the Health Unit with her three minor children, including Terrance who was twenty-eight months old. While waiting in an examination room, Terrance placed his hand in a "sharps" container and pricked his finger with the needle of a used vaccination syringe. After Lori informed the nurse and asked for the wound to be cleaned, the nurse reported the incident to her supervisor. Lori was then told that Terrance would have to be tested for hepatitis and AIDS. A baseline blood test done that day was negative. Since then, he has been periodically tested for the above named diseases. All tests have been negative.
On March 20, 1992, the Walkers filed suit against the Health Unit, DHH, and Winfield Industries,[1] the manufacturer of the "sharps" container. In their petition, they alleged that due to the negligence of the Health Unit, they sustained the following damages:
A) Extreme fear, depression, and mental anguish because of the danger of their minor child contracting the AIDS virus and/or other blood-borne diseases;
B) The reckless and grossly wanton conduct of defendants has inflicted emotional distress on the entire Walker family;
C) A loss of their relationship with their minor son and a diminishment of the *736 love, support and affection between them and their child;
D) An irreparable diminishment of their enjoyment of life.
On March 3, 1997, the Health Unit and DHH filed a motion for summary judgment as to the Walkers' and Terrance's claims for damages due to mental anguish and emotional distress. On April 3, 1997, the trial court issued an order granting the motion for summary judgment as to the Walkers' claim for negligent infliction of emotional distress, but denying it as to Terrance's claim. The trial court did not issue reasons for its ruling.

ISSUE
On appeal, the Walkers argue that the trial court erred, as a matter of law, in dismissing their claims by summary judgment.

SUMMARY JUDGMENT
Following the amendment of the summary judgment law, summary judgment is now favored. It shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La. Code Civ. P. art. 969. La.Code Civ.P. art. 966(A)(2). The legislature's 1997 amendment, effecting change in the summary judgment law, is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La. App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that enumerate specific facts showing a genuine issue exists for trial. La.Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.
In their brief, the Walkers argue that their claim is not a bystander claim, rather, it is for the negligent infliction of emotional distress which arises from La.Civ.Code art. 2315. On the other hand, the Health Unit and DHH argue that this is a bystander claim, under which the Walkers fail to satisfy the requirements of Article 2315.6. We agree with the Walkers that their petition does not seek Lejeune type damages. Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990). Thus, we will limit our discussion to the claim of negligent infliction of emotional distress.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
Recovery for the negligent infliction of emotional distress is based on Article 2315, which provides, in pertinent part, that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." To determine whether a plaintiff may recover damages under this article, courts employ a duty-risk analysis, which requires affirmative answers to the following questions:
1) Was the conduct in question a cause-in-fact of the resulting harm?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Were the risk and the harm caused within the scope of protection afforded by the duty breached?
Entrevia v. Hood, 427 So.2d 1146 (La.1983); Bordelon v. St. Francis Cabrini Hospital, 93-1331 (La.App. 3 Cir. 5/4/94); 640 So.2d 476; Roberts v. Benoit, 605 So.2d 1032 (La. 1991).
Recovery for negligent infliction of emotional distress has been limited to those cases involving the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi v. Department of Wildlife and Fisheries, 567 So.2d 1081 (La.1990). Thus, in order to prove entitlement to damages for *737 negligent infliction of emotional distress, the Walkers must prove that an independent, direct duty was owed to them by the Health Unit, that the duty afforded protection to them for the risk and harm caused, that the duty was breached, and that the mental aguish suffered by them was genuine and serious. Norred v. Radisson Hotel Corp., 95-0748 (La.App. 1 Cir. 12/15/95); 665 So.2d 753.
Did the Health Unit owe an independent, direct duty to the Walkers? Except for Lejeune type damages, Louisiana jurisprudence does not allow recovery for mental anguish occasioned by another's injury or suffering. Rivera v. United Gas Pipeline Co., 96-502, 96-503, 97-161 (La.App. 5 Cir. 6/30/97); 697 So.2d 327. Pursuant to the State Sanitary Code, sharps are to be stored in "a secure manner and location which affords protection from theft, vandalism, inadvertent human and animal exposure, rain and wind." Thus, the Health Unit had a duty to store the used needles so as to protect against inadvertent human exposure. This they failed to do. However, this duty was owed to Terrance and not the Walkers. In order for them to recover for negligent infliction of emotional distress, the Health Unit must have owed them an independent duty. We find that there was such a duty.
A health care provider is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require. Bordelon v. St. Frances Cabrini Hosp., 93-1331 (La.App. 3 Cir. 5/4/94); 640 So.2d 476. Here, the Health Unit performed a baseline blood test on Terrance immediately after the needle stick. They further told Lori that she should have Terrance tested in six months and then periodically for AIDS and hepatitis. That is all the Health Unit did. It did not administer the later tests, it did not try to locate the needle which stuck Terrance to determine if it was contaminated with any blood borne disease, nor did it try to determine if any of the persons vaccinated that morning were infected. The emotional distress suffered by the Walkers was a direct result of the Health Unit's failure to determine and provide them with such information. Holland v. St. Paul Mercury Ins., 135 So.2d 145 (La.App. 1 Cir. 1961). Thus, we find that the Health Unit did owe a duty to the Walkers, which it breached by failing to take any further steps to relieve them of their fears.
The next enquiry is whether the duty owed the Walkers by the Health Unit afforded protection to them for the risk and harm caused. We pretermit our discussion here because we find that the harm suffered by the Walkers was not genuine and serious. Moresi, 567 So.2d 1081. The only evidence presented was that the Walkers felt nervous and upset about the incident. This was shown through Lori's deposition which was submitted by the Health Unit and DHH in support of their motion for summary judgment. She thought she might have developed stomach problems for a few months for which she saw a physician and was successfully treated with Zantac. Considering the foregoing, we do not find that the emotional distress described by Lori reached the level of seriousness contemplated by Moresi.
The Health Unit and DHH also submitted the affidavit of Dr. Joseph Brown, who specializes in contagious diseases. Dr. Brown listed the probabilities of a person acquiring an infectious disease from a needle used for immunization of a member of the general public if it were not known that the person was infected with AIDS. He further stated that it was not reasonable to fear that a person stuck by a needle used for immunization of a member of the general public not known to be infected with HIV/AIDS, because the chances of acquiring the disease from the stick are so very small. Dr. Brown also stated that any fear of acquiring HIV/ AIDS six years after the needle stick and after testing negative for the disease is unreasonable.
The Walkers failed to respond to the evidence presented by the Health Unit and DHH by presenting evidence which would show that a genuine issue of material fact exists. Thus, we find that there is no genuine issue of material fact and that the trial court correctly granted the motion for summary judgment with regard to the Walkers' *738 claim of negligent infliction of emotional distress.

CONSORTIUM CLAIM
The Walkers further claim that the trial court erred in dismissing their claims for loss of consortium. The only issue before the trial court on the Health Unit's and DHH's motion for summary judgement pertained to the Walkers' claim for negligent infliction of emotional distress. The trial court's order dismissed only that claim. Since that issue was not passed on by the trial court, it is not properly before us on appeal. Brown v. Automotive Cas. Inc. Co., 93-2169 (La.App. 1 Cir. 10/7/94); 644 So.2d 723, writ denied, 94-2748 (La.1/6/95); 648 So.2d 932.

CONCLUSION
For the above stated reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to the plaintiffs-appellants, Lori and Marlan Walker. The matter is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.
SAUNDERS, J., dissents.
NOTES
[1] Winfield Industries was eventually dismissed from this suit subsequent to a settlement with the parties.