722 So.2d 418 (1998)
Emma VALLIER, Plaintiff-Appellant
v.
LOUISIANA HEALTH SYSTEMS, INC., et al., Defendants-Appellees.
No. 98-834.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*419 Janice Barber, Lafayett, for Emma Vallier.
Nicholas Gachassin, Jr., Nicholas Gachassin, III, Lafayette, for Louisiana Health Systems d/b/a Lafayette General Medical Center.
Before COOKS, SAUNDERS and WOODARD, JJ.
SAUNDERS, Judge.
Emma Vallier, plaintiff-appellant (hereinafter "Plaintiff"), appeals the lower court's rule in favor of an exception of no cause of action and summary judgment dismissing her claim for damages against Louisiana Health Systems, Inc. D/B/A Lafayette General Medical Center, D/B/A Lafayette General Hospital, defendant/appellee (hereinafter "Defendant"). Upon review, we reverse and remand.

FACTS
On May 24, 1995, Plaintiff was being treated for epigastric abdominal pain and underwent a procedure called esophagogastroduodenoscopy when it was discovered that one of four tubs of Cidex solution used to disinfect instruments had been neutralized. Consequently, the prescribed disinfection process had not been properly completed and all patients treated with possibly contaminated instruments were notified and tested. Plaintiff did not contract any disease from the instruments, however, she brought suit seeking compensation for alleged emotional damages sustained from the fear of contracting an incurable or fatal disease. The trial court denied Plaintiff's claim finding that Plaintiff failed to state a cause of action and dismissed the case on a summary judgment rule.

LAW AND ANALYSIS

I. Exception of No Cause of Action
"[W]here a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action should be denied." Ward v. Tenneco, 564 So.2d 814, 820 (La.App. 3 Cir.1990); Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151, 1162 (La.1988). Where an exception of no cause of action is made, evidence may not be introduced by any party to support or controvert the objection. La.Code Civ.P. art. 931. The exception of no cause of action tests the legal sufficiency of a petition by determining whether the law provides a legal remedy to the factual allegations, taken as true, that arise on the face of the petition. Everything on Wheels v. Subaru S., Inc., 616 So.2d 1234 (La.1993). Upon review of a sustained exception of no cause of action, the reviewer "should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Comm'rs, 93-0690 (La.7/5/94); 640 So.2d 237, 238.

II. A De Novo Review
Defendant argues that the fourth circuit case, Vallery v. Southern Baptist Hosp., 630 So.2d 861, 866 (La.App. 4 Cir.1993), sets the standard for determining when a claimant has established a cause of action sounding in negligent infliction of emotional distress. The court in Vallery recognized that "our *420 Supreme Court limited recovery for negligent infliction of emotional distress"in the seminal case of Moresi v. State, Through Department of Wildlife & Fisheries, 567 So.2d 1081 (La.1990). In Moresi, the court reviewed circumstances under which recovery for emotional distress traditionally has been allowedwhere the distress was accompanied by physical injury. Id. The Moresi court recognized, however, jurisprudential deviations, e.g. cases involving mishandled corpses and negligently transmitted telegraphic death messages. Id. In Moresi, the Louisiana Supreme Court embraced the opportunity to phrase the general test that establishes when such exceptions to the general requirement of physical injury are appropriate: "all these categories have in common the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Id. at 1096. Despite this clear phraseology given by our supreme court, the court in Vallery felt it necessary to look outside of the local jurisprudential rule provided by Moresi, and instead look to federal law. Indeed, Vallery managed to delineate three categories of federal case law that addressed exposure to HIV where federal law did not provide a general rule regarding when claims for negligent infliction of emotional distress would be recognized in federal courts. The court in Vallery made for interesting, but unnecessary, analysis when a jurisdiction, such as ours, has been given a general rule by its highest court. Admittedly, this circuit has in two recent opinions used Vallery to guide our decisions in similar matters. In Boutin v. Oakwood Village Nursing Home, 96-1579 (La.App. 3 Cir. 4/2/97); 692 So.2d 1289, the trial court analogized a plaintiff's fear of contracting a bacterial infection to cases concerning fear of contracting HIV. In Boutin, we relied on Vallery to find that a cause of action exists only where a channel of infection is alleged. Id. In Stewart v. St. Francis Cabrini Hospital, 96-1167 (La.App. 3 Cir. 6/11/97); 698 So.2d 1, we again followed Vallery and found the petition insufficient to state a cause where the petitioner failed to allege a channel of infection. In neither Boutin nor Stewart did we engage in an independent analysis of a negligent infliction of emotional distress; in neither case did we consider Moresi. We now consider the elements required to state a cause of action for negligent infliction of emotional distress under a general negligence analysis, guided not by the fourth circuit, but by the Louisiana Supreme Court.

II. Duty/Risk Analysis
Mental damages may be awarded in a legal malpractice case which sounds in tort. Henderson v. Domingue, 626 So.2d 555 (La. App. 3 Cir.1993), writ denied, 630 So.2d 799 (La.1994). "The duty-risk analysis is used to assist our courts in determining whether one may recover under La.Civ.Code art. 2315." Barrino v. East Baton Rouge School Bd., 96-1824 (La.App. 1 Cir. 6/20/97); 697 So.2d 27, 33, citing Entrevia v. Hood, 427 So.2d 1146 (La.1983). "In order to sustain a cause of action under La.Civ.Code arts. 2315 and 2316, the petition must adequately allege fault, causation and damage." Buxton v. Fireman's Fund Ins. Co., 422 So.2d 647, 650 (La.App. 3 Cir.1982), citing Pence v. Ketchum, 326 So.2d 831 (La.1976), overruled in part on other grounds, 373 So.2d 494 (La. 1979); Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971). Included in the concept of fault necessarily is negligence. Buxton, 422 So.2d 647. Negligent infliction of emotional distress is a cause of action based on La.Civ.Code art. 2315, which provides, in pertinent part, that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." Walker v. Allen Parish Health Unit, 97-1007 (La.App. 3 Cir. 4/1/98); 711 So.2d 734. Recovery under Article 2315 requires a claimant to prove the duty-risk elements, including:
1) Proof that the alleged conduct was a cause in fact of the harm.
2) Establishing the duty owed to a plaintiff by a defendant.
3) Proof of a defendant's breach of that duty.
4) Proof that the risk and harm caused were within the scope of protection afforded by defendant's duty.
Id.
Hence, Plaintiff must, at the pleading stage, allege the basic elements of a La.Civ. *421 Code art. 2315 action when asserting a claim for negligent infliction of emotional distress. Discussing a negligent infliction of emotional distress action, this court noted in Walker, that the "[claimant] must prove that an independent, direct duty was owed to them ... that the duty afforded protection to them for the risk and harm caused, that the duty was breached, and that the mental aguish (sic) suffered by them was genuine and serious." Id. at 737.
A health care facility certainly owes a duty to its patients. We explained in Bordelon v. St. Francis Cabrini Hospital, 93-1331 (La.App. 3 Cir. 5/2/94); 640 So.2d 476, 478, that "[a] hospital is bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require." In the present matter, a medical review panel found that Defendant deviated from the standard of care when it failed to use properly disinfected instruments on Plaintiff and reasonably, a factfinder could find that it was easily within the scope of Defendant's duty to protect this Plaintiff from unsanitary conditions. Whether Defendant's breach was a cause-in-fact of Plaintiff's alleged injuries is a question of fact to be determined at trial. For purposes of review, the issue remaining is whether Plaintiff's alleged emotional injuries arose from the circumstances contemplated by Moresi that would permit the exception of allowing a claim for negligent infliction of emotional distress in the absence of physical injury.
As previously mentioned, for recovery, Moresi requires an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi, 567 So.2d at 1096. Presently, it is without dispute that the use of the improperly disinfected instrument on Plaintiff's body presented such risks as to require testing for not only hepatitis, but also for the presence of a deadly and incurable HIV infection. That, as Plaintiff alleges, she should suffer great fear, mental anguish, frustration, humiliation, embarrassment, etc. is a reasonable and likely reaction upon being informed of being exposed to such foreboding possibilities. The question for this court is whether, as Moresi requires, these circumstances are such that rise to the level of guaranteeing that the claim is not spurious. We find that they are. Given the peculiar nature of a hospital setting, the application of an improperly disinfected instrument on a patient necessarily presents risks specific and unique to a facility that, by its very nature, handles the broadest of spectrums of diseases and infectious materials. The hospital performed no tests to determine if indeed there were any contagions present and accordingly, Plaintiff has no way of proving exactly what was or was not present on the instruments. Such a burden should not be placed on a patient who is very likely in the worst position to arrive at such proof absent actually contracting the disease. Accordingly, we find that Plaintiff has stated a cause of action of negligent infliction of emotional distress.
We pretermit discussion of a summary judgment review where the lower court found, as an initial and dispositive matter, that the Plaintiff stated no cause of action.

DECREE
For the aforementioned reasons, we reverse the lower court's grant of the exception of no cause of action and remand this case for proceedings consistent with this opinion. Costs are assessed to the Defendants.
REVERSED AND REMANDED.