IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 98-30077

―――――――――――――

CLEVELAND FONTENOT, JR.,

Plaintiff-Appellant,

versus

ALBEMARLE CORPORATION,

Defendant-Appellee.

―――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-416)

―――――――――――――

May 18, 1999

Before GARWOOD, BARKSDALE and STEWART, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Cleveland Fontenot, Jr. (Fontenot) appeals from a summary judgment granted to his former employer Albemarle Corp. (Albemarle) for federal and state claims related to the termination of his employment. We affirm.

**Facts and Proceedings Below**

Fontenot began working for Ethyl Corp. (Ethyl) in 1971. In

―――――――――――

[*]     Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1994, Ethyl spun off its chemicals division into a separate corporate entity which became Albemarle. Fontenot moved to Albemarle shortly after its inception. In 1995, Albemarle conducted an internal review of its organizational structure and decided to transfer Fontenot's duties (purchasing) to another department. Fontenot's former position was eliminated and Fontenot was terminated. Fontenot was then fifty-three years old.

Believing he had been unfairly discriminated against, Fontenot, represented by counsel, sued Albemarle. Fontenot's complaint, filed in April 1996, raised claims under the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 12101 *et. seq.*, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.*, and their Louisiana statutory analogues (collectively, the discrimination claims), as well as other undefined state tort claims, resulting in physical, mental, and financial damages (the state law claims).

## Discussion

As a threshold matter, we must determine whether we have jurisdiction over this appeal. Federal courts are duty bound to determine their own jurisdiction, and may do so *sua sponte* if necessary. *See, e.g., Williams v. Chater*, 87 F.3d 702, 704 (5th Cir.1996) (recognizing court's obligation to inquire into its own jurisdiction, even where parties fail to raise the issue).

With limited exceptions not relevant here, "[t]he courts of appeals . . . shall have jurisdiction [only] of appeals from all final decisions of the district courts of the United States[.]" 28

2

U.S.C. § 1291 (West 1999); *Moreau v. Harris County*, 158 F.3d 241, 244 (5th Cir. 1998). The question before this Court is whether the judgment sought to be appealed here is final within the meaning of 28 U.S.C. § 1291.

"A final judgment is one that «ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Moreau,* 158 F.3d at 244, quoting *Coopers & Lybrand v. Livesay*, 98 S.Ct. 2454, (1978). If additional parties or claims remain before the district court, the judgment is not final and appealable unless certified under Fed. R. Civ. P. 54(b). *See Bader v. Atlantic International Ltd.*, 986 F.2d 912, 914-15 (5th Cir. 1993). There is nothing amounting to (or which either party claims amounts to) a Rule 54(b) certification here. To determine whether a judgment is final, this Court must ascertain the district court's intent. *See Moreau*, 158 F.3d at 244 ("We have advocated a practical approach in deciding issues of finality. A judgment reflecting an intent to dispose of all issues before the district court is final.") (citations omitted).

Our hesitation in this case derives from the district court's September 29, 1997, judgment dismissing "Fontenot's claims," while its accompanying memorandum opinion discusses only some of these claims. The court's opinion discussed its reasons for finding that Fontenot had failed to survive summary judgment on the issue of discrimination, and explicitly discussed the discrimination claims, including those based on Louisiana statutory law. The opinion does not, however, discuss the other "state law claims." If those

3

claims were not dismissed, then they remain pending in the court below and the order sought to be appealed is not final and appealable.

Although both parties agree that the court's order dismissed all of Fontenot's claims, the parties dispute whether Albemarle requested judgment on the entire complaint. Albemarle's motion for summary judgment specifically discusses the age discrimination and ERISA claims only, but nonetheless requests that Fontenot's "suit" be dismissed with prejudice. Albemarle also submitted a memorandum supporting its motion which, also not mentioning the state law claims, requested that Fontenot's "claims" be dismissed. In his opposition to the motion, Fontenot suggested that the summary judgment motion did not include the state law claims. Subsequently, on September 19, 1997, Albemarle, with leave of court, filed a Reply Memorandum explicitly requesting dismissal of these claims. Specifically, the Reply Memorandum asserts that Fontenot failed to meet his burden of proof supporting those claims: "Finally, plaintiff has completely failed to present any evidence to support his state law claims of damages, such as that his heart attack was caused by Albemarle's (alleged) discrimination against him based upon his age." By the unambiguous language of Albemarle's Reply Memorandum, Albemarle requested dismissal of all of Fontenot's claims—including, but not limited to ("such as"), Fontenot's claims of emotional distress.

Fontenot, with leave of court, responded to Albemarle's Reply Memorandum, but did not mention the state law claims. Similarly,

4

Fontenot did not discuss the state law claims in his motion for reconsideration to the district court—even though he has consistently maintained on this appeal that he understood the district court's order to have dismissed his entire case.[1]

We also note that neither the summary judgment motion nor its supporting memorandum expressly mentions the state law discrimination claims. Yet, the district court expressly mentioned these claims, and Fontenot concedes they were included in the summary judgment motion, even though not expressly mentioned. Moreover, Fontenot's state law discrimination claims are grouped in his complaint *not* with their federal counterparts, but instead with Fontenot's other "Pend[e]nt State Claims." By reaching the state law discrimination claims—even though not explicitly discussed in Albemarle's motion—the district court manifested its understanding that it was disposing of the entire case. The court's dismissal of "Fontenot's claims," therefore, is a dismissal of the entire complaint. *See Armstrong v. Trico Marine, Inc*., 923 F.2d 55, 58 (5th Cir. 1991) (finding final order in dismissal of "complaint," despite court's failure to mention all claims).

A closer look at the substance of Fontenot's state law claims confirms that the entire case was dismissed. Under the subheading "Pendant [sic] State Claims," Fontenot alleges that Albemarle's

---

[1] Albemarle argues that Fontenot's state claims should therefore be deemed abandoned and waived. "If a party abandons one of its claims, a judgment that disposes of all remaining theories is final and appealable so long as it is apparent that the district judge intended the judgment to dispose of all claims." *Moreau*, 158 F.3d at 244, citing *Chiari v. City of League City*, 920 F.2d 311, 314 (5th Cir. 1991). We do not reach this issue.

"intentional and/or negligent conduct [subjected Fontenot] to extreme and unwarranted stress, which caused [Fontenot] to have a heart attack." We interpret this allegation as raising alternative claims for negligent and intentional infliction of emotional distress under Louisiana law.[2] *See White v. Monsanto*, 585 So.2d 1205, 1209 (La. 1991) ("One who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."); *See also Walker v. Allen Parish Health Unit*, 711 So.2d 734 (La. Ct. App.--3d Cir. 1998) (recognizing tort of negligent infliction of emotional distress under Louisiana law).

Fontenot has not alleged any facts to support these claims apart from the alleged discrimination. Thus, despite Fontenot's present assertion that these claims do not depend upon proof of discrimination, neither the complaint nor the record reveals any other possible basis for these claims. Indeed, the success of either claim is dependent upon a finding of discrimination. Therefore, the district court's order dismissing "Fontenot's claims" can be read to include the emotional distress claims, even though the district court did not explicitly state its reasons for

---

[2]     Both during oral argument and in his supplemental brief to this Court, Fontenot attacks Albemarle for "mischaracterizing" his state personal injury claims as intentional or negligent infliction of emotional distress claims. However, in Fontenot's opening brief to this Court, Fontenot himself characterized his state law claims as such. ("In his Complaint, the appellant alleged that he suffered damages under Louisiana law because of the appellee's actions. [Citation]. These damages involved, *inter alia*, the negligent and intentional infliction of emotional distress.").

so holding in its memorandum and opinion.  *See Moreau,* 158 F.3d at 244 ("Here, the district court in entering final judgment appeared to decide all claims, although it did not explicitly address plaintiffs' wrongful refusal and retaliation claims.").

Finally, Fontenot argues that his complaint states a claim based on the loss of certain personal papers, including a promissory note and letters from Fontenot's late father, missing from Fontenot's former office.  Fontenot's complaint does not mention any loss of property.  Similarly, Fontenot's opening brief to this Court characterizes his state law claims only as involving "*inter alia,* the negligent and intentional infliction of emotional distress."  It is true that early in the litigation, Fontenot responded to a motion *in limine* by expressing that "the missing personal papers is [sic] part of the pendant [sic] state law claim [singular]. . . in which the Plaintiff alleges both negligent and intentional conduct by the Defendant."  Because the district court granted summary judgment before ruling on the motion *in limine*, it did not address whether such a claim was present in the complaint. No amended complaint mentioning lost papers or property was ever filed or tendered.  The response to the motion *in limine* cannot be considered any part of the complaint.

Federal courts require that a plaintiff's pleadings provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even under this lenient standard, *see* 5 Wright & Miller, *Federal Practice & Procedure Civ. 2d* § 1215, no claim for a tort related to Fontenot's

7

personal property can be gleaned from the complaint. In twelve pages and fifty-eight paragraphs, Fontenot's complaint does not even mention *any* personal property either generally or specifically. Nor does Fontenot's list of nine distinct classes of damages include any reference to property, or a specific dollar amount for the value of the allegedly missing promissory note. Instead, Fontenot now purports to interject a cause of action *entirely unrelated to the remainder of his complaint* into his boilerplate and nonspecific request for "any other legal and equitable relief that this Court deems just and proper."

We cannot unearth from Fontenot's complaint any hint of Albemarle's alleged interference with Fontenot's personal property. Fontenot's complaint in no way even attempts to state a claim grounded on or related to any taking or loss of or damage to personal property. *Cf.* Wright & Miller, *supra*, ("[G]reat generality in the statement of these circumstances [supporting plaintiff's claim] will be permitted as long as defendant is given fair notice of what is claimed; nonetheless, Rule 8(a)(2) does require that the pleader disclose adequate information concerning the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it."). It cannot be said that any such claim still endures before the district court—none ever existed.

Both parties interpret the district court's order to dismiss all of Fontenot's claims, and we concur. The court below intended to—and indeed did—dismiss Fontenot's entire case, and this Court

8

therefore may assert jurisdiction over this appeal. *See* 28 U.S.C. § 1291.

Next, we reject Fontenot's contention that the district court erred in considering his state law claims on summary judgment. The crux of Fontenot's argument is that these claims were not presented in Albemarle's summary judgment motion. Thus, Fontenot suggests that the court *sua sponte* dismissed these claims, without providing ten days' notice and the opportunity to respond, as required by Rule 56(c) and the holdings of this Court. *See, e.g.,* Fed. R. Civ. P. 56(c); *Ross v. University of Texas at San Antonio,* 139 F.3d 521, 527 (5th Cir. 1998); *Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 436 (5th Cir. 1992).

This argument is without merit. Albemarle's Reply Memorandum clearly requests dismissal of Fontenot's state law claims and specifically notes Fontenot's lack of proof of causation as to his heart attack. Fontenot filed a response to Albemarle's Reply Memorandum, but failed to address these claims, let alone present any supporting evidence. Similarly, Fontenot failed to address these claims in his motion for reconsideration to the district court.

In his supplemental brief to this Court, Fontenot acknowledges that Albemarle raised the issue in its Reply Memorandum. Yet, confoundingly, in the very next paragraph Fontenot insists that he has no duty to respond to issues not presented in a motion for summary judgment. If this argument can be read consistently, we must deduce that Fontenot is challenging the propriety of the

9

district court's considering a claim raised initially in a reply memorandum to a summary judgment motion. Unfortunately, Fontenot has neither provided any argument why the Reply Memorandum should not be read as a mere clarification of the initial summary judgment request, nor supplied this Court with any legal authority supporting his position. Finally, Fontenot offers no explanation for his failure to challenge the procedural posture of the motion in the district court, despite having squandered two separate occasions to do so.

Having failed to respond to issues indisputably raised in the court below, Fontenot cannot now argue that he was without notice of his duty to support his claims in order to defeat summary judgment. *Cf. Celotex Corp. v. Cattret,* 106 S.Ct. 2548, 2553 (1988) (after party moving for summary judgment demonstrates absence of genuine dispute for trial, nonmoving party bears burden of pointing to evidence in the record showing genuine dispute of material fact). The district court did not err in dismissing Fontenot's state law claims.

Turning to the discrimination claims, we essentially agree with the well-reasoned opinion of the district court, that Fontenot failed to establish a genuine dispute of material fact as to any of these claims.

### Conclusion

The judgment before us, while not explicitly mentioning the state law damages claims, dismisses Fontenot's entire complaint and is thus a final, appealable order. The district court did not err

10

in dismissing all of Fontenot's claims.

For the reasons stated herein and in the opinion of the district court, the judgment is

AFFIRMED.

11